**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| NWL HOLDINGS, INC., et al., | ) | Case No. 08-12847 (MFW) |
| | ) | |
| Debtors. | ) | Substantively Consolidated |
| _____ | ) | |
| | ) | |
| ALFRED T. GIULIANO, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-52768 |
| | ) | |
| HARKO, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Harko, Inc. ("Harko") to dismiss or transfer venue of the adversary proceeding filed by Alfred T. Giuliano (the "Trustee"). For the reasons set forth below, the Court will deny the motion.

I. BACKGROUND

NWL Buying, Inc. ("NWL Buying"), a subsidiary of NWL Holdings, Inc. ("NWL Holdings"), operated a chain of 45 general merchandise close-out stores located across the Northeast and Mid-Atlantic regions of the United States.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure.

NWL Buying, NWL Holdings, and several of their affiliates (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date"). At the hearing on first day motions held on November 12, 2008, the Court granted an order for joint administration of the Debtors' bankruptcy cases. (D.I. # 3.)

Within a month of filing, the Court heard and granted the Debtors' motion to conduct "Going Out of Business" sales. (D.I. # 235.) The Court approved two separate sales of the Debtors' assets on December 9 and 19, 2008. (D.I. ## 236, 262.) By Order entered February 26, 2009, the Debtors' cases were converted from chapter 11 to chapter 7, and the Trustee was appointed. (D.I. # 516.) Following conversion, on July 17, 2009, Harko filed a proof of claim against the Debtors in the amount of $32,294.40.

On February 17, 2010, the Trustee filed a Motion to substantively consolidate the chapter 7 cases. (D.I. # 819.) The Court entered an Order approving the substantive consolidation on March 15, 2010. (D.I. # 827.)

On August 20, 2010, the Trustee commenced this adversary proceeding by filing a Complaint against Harko to avoid and recover alleged preferential and fraudulent transfers based on three checks (totaling $20,457.09) that Harko received during the ninety-day period immediately proceeding the Petition Date. Harko responded by filing a Motion to dismiss or transfer venue

of the proceeding to the Eastern District of New York. The Motion has been fully briefed and is ripe for decision.

II. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(b)(2)(A),(F) & (H), & 157(c)(1).

III. DISCUSSION

Harko moves for dismissal of the Complaint pursuant to Rule 12(b)(2) and Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In the alternative, the Defendant moves to transfer venue pursuant to 28 U.S.C. § 1404(a), made applicable by Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.

    A.    Personal Jurisdiction

        1.    Standard on Rule 12(b)(2) motion to dismiss

"[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and . . . is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). The Court held no evidentiary hearing on the

3

motion to dismiss. Thus, it will base its decision on the allegations in the Trustee's Complaint.

       2.   <u>Personal jurisdiction in bankruptcy court</u>

The Court's analysis of personal jurisdiction begins with whether the procedural requirements of service of process have been satisfied. In an adversary proceeding filed in a bankruptcy case the summons and complaint may be served anywhere in the United States. Fed. R. Bankr. P. 7001(b)(1) & (3). In this case the Trustee has filed a Certificate of Service with the Court evidencing that service was properly made upon Harko in New York. <u>See, e.g.</u>, <u>Shipyards, Inc. v. Terex Corp. (In re Freuhauf Trailer Corp.)</u>, 250 B.R. 168, 183 (D. Del. 2000) (a court may consider sworn affidavits related to personal jurisdiction when deciding a motion to dismiss). Therefore, the procedural requirement of service has been satisfied. Fed. R. Bankr. P. 7004(d). <u>See, e.g.</u>, <u>Van Huffel Tube Corp. v. A&G Indus. (In re Van Huffel Tube Corp.)</u>, 71 B.R. 145, 146 (N.D. Ohio 1987) ("service of process is the physical means by which personal jurisdiction is obtained").

The Court must also determine, however, whether its exercise of personal jurisdiction over Harko fits within the constitutional requirements of due process. Rule 7004(f) of the Federal Rules of Bankruptcy Procedure provides that:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F. R. Civ. P. made

>applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Fed. R. Bankr. P. 7004(f).

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure generally limits <u>in personam</u> jurisdiction of the federal courts over non-resident defendants to that which a court of general jurisdiction in the forum state would have. However, this limitation does not apply where extra-territorial service of process is "authorized by a federal statute." Fed R. Civ. P. 4(k)(1). Bankruptcy Rule 7004(d), which allows nationwide service of process in bankruptcy cases, is such a statute. <u>Brown v. C.D. Smith Drug Co.</u>, No. Civ. A. 98-494, 1999 WL 709992, at *3 (D. Del. 1999).

The Fifth Amendment Due Process Clause does circumscribe <u>in personam</u> jurisdiction of the federal courts. <u>Id.</u> at 1344. It imposes "a general fairness test" which is interpreted by the Supreme Court in <u>International Shoe</u> to require that "certain minimum contacts exist between the non-resident defendant and the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Max Daetwyler Corp. v. Meyer</u>, 762 F.2d 290, 293 (3d Cir. 1985) (quotations omitted) (citing <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).

In bankruptcy cases "the forum" is the United States in general, not the particular state where the case is pending. Klingher v. Salci (In re Tandycrafts, Inc.), 317 B.R. 287, 289 (Bankr. D. Del. 2004). Accordingly, the Court must apply a "national contacts" standard in determining whether the Court's exercise of personal jurisdiction over Harko is proper.

    3.   Harko's minimum contacts

Harko argues that it "does not have property in Delaware, . . . does not do business in Delaware and . . . has never transacted business with the Debtors in Delaware." (D.I. # 5 at 6.) As noted above, however, because the Bankruptcy Rules provide for nationwide service of process, the proper due process inquiry is not whether the defendant has ties to the state where the court sits, but whether the defendant has sufficient minimum contacts with the United States. See, e.g., Medical Mutual of Ohio v. deSoto, 245 F.3d 561, 567 (6th Cir. 2001) (minimum contacts with the United States, not with a specific state, is the proper analysis where a statute allows national service of process).

Harko is a New York resident. Its contacts with Delaware are irrelevant so long as it has contacts somewhere within the United States. See, e.g., Adams v. Med. Accounts Receivable Solutions, Inc. (In re Coram Healthcare Corp.), No. 00-3299, 2003 WL 22948234, at *2 (Bankr. D. Del. Dec. 12, 2003) (California

residency is sufficient minimum contacts with the United States to satisfy Fifth Amendment due process concerns). Thus, the Court concludes that as a resident of New York, Harko has sufficient minimum contacts with the United States for this Court to exercise personal jurisdiction over it.[2]

    4.   Fair play and substantial justice

The exercise of personal jurisdiction must also comport with "traditional notions of fair play and substantial justice." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). "The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy." Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993). See also Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 114 (1987) ("When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant.").

Because the Trustee has made a prima facie case of minimum contacts, the burden shifts to Harko to "present a compelling case that the presence of some other consideration should render

---

[2] The Court also notes that Harko has submitted itself to the Court's jurisdiction by filing a proof of claim. See, e.g., Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990) (holding that when a creditor files a proof of claim, the creditor brings itself within the equitable jurisdiction of the court, including jurisdiction over preference actions).

jurisdiction unreasonable." Grand Entm't Group, 988 F.2d at 483 (quotations omitted).

Harko argues that it was not foreseeable that it would be hailed into court in Delaware, and the proceeding should have been brought in New York. As stated previously, this argument fails to recognize that the relevant forum is the United States and that the inquiry is whether it is burdensome to litigate in the United States as a whole. Harko's argument is more appropriately raised in connection with the venue issue, which is addressed below. See, e.g., Hogue v. Milodon Eng'g. Inc., 736 F.2d 989, 991 (4th Cir. 1984) (finding that Virginia bankruptcy court had personal jurisdiction over California defendant under former Bankruptcy Rule 704 and that defendant must look to federal venue requirements for relief from onerous litigation).

Based on the foregoing, the Court finds that it has personal jurisdiction over Harko with respect to the claims raised in the Complaint.

B.  Proper Venue in Delaware

Harko argues that venue in this Court is no longer proper after the Debtors' cases were substantively consolidated under NWL Holdings. (D.I. # 819.) Harko notes that NWL Holdings was only able to file for relief in Delaware because it was an affiliate of a Delaware corporation (NWL Buying) which had a case already pending. 28 U.S.C. § 1408(2). Harko asserts that as a result of the substantive consolidation of the Debtors there is

8

no longer a pending affiliate case that would justify venue in Delaware. According to Harko, all of the Debtors' other bankruptcy cases, including NWL Buying, have ceased to provide proper affiliate venue for NWL Holdings. Therefore, Harko argues that the adversary proceeding should be dismissed for improper venue.

The Trustee responds that Harko misstates the effects of substantive consolidation. The Trustee asserts that the Court's substantive consolidation Order provided for the assets of each of the consolidated cases to be aggregated into one estate and administered as one. In re Genesis Health Ventures, Inc., 402 F.3d 416, 423 (3d Cir. 2005). However, the Trustee argues that the effect of the substantive consolidation was not to eliminate each of the consolidated cases nor to divest this Court of jurisdiction over the consolidated cases.

The Court agrees with the Trustee that the substantive consolidation did not eliminate the effect of the filing of the Debtors' affiliate cases. Under section 1408(2), a bankruptcy case may be filed in the district "in which there is a pending case under title 11 concerning such person's affiliate. . . ." 28 U.S.C. § 1408(2). Once filed, a bankruptcy case is "pending" unless it has been closed. See, e.g., In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir. 1995) (finding that a bankruptcy case is pending under Rule 1014(b) unless it has been closed under 11 U.S.C. § 350); In re Oversight and Control Comm'n of Avanzit, 385

B.R. 525, 537 (Bankr. S.D.N.Y. 2008) (stating that a bankruptcy case in general is pending until it is closed).

In this case, the NWL Buying case has not been closed and is still an open case. Nothing in the substantive consolidation Order directed that it or the other affiliate cases be closed. (D.I. # 819.)

Consequently, the Court finds that venue in Delaware is proper for the NWL Holdings case, as there is still a pending affiliate case. 28 U.S.C. § 1408(1).

C.  Transfer of Venue

Harko argues, in the alternative, that the Court should transfer venue to the Eastern District of New York.

Section 1412[3] controls motions to transfer venue of a proceeding under title 11, while section 1404(a)[4] is the general change of venue statute applicable to all civil cases. The analysis under either section is essentially the same, turning on the same issues of "the interest of justice" and "the convenience of the parties," except that section 1412 does not require that the action could have been brought in the transferee district.

---

[3] Section 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

[4] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

See, e.g., In re Manville Forest Prods. Corp., 896 F.2d 1384, 1390-91 (2d Cir. 1990); Thomson McKinnon Sec., Inc. v. White (In re Thomson McKinnon Sec., Inc.), 126 B.R. 833, 834-35 (Bankr. S.D.N.Y. 1991). In making a determination of whether to transfer venue, the Third Circuit has held that courts should consider numerous factors, including:

> 1) plaintiff's choice of forum; 2) defendant's forum preference; 3) whether the claim arose elsewhere; 4) the location of books and records and/or the possibility of viewing premises if applicable; 5) the convenience of the parties as indicated by their relative physical and financial condition; 6) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; 7) the enforceability of the judgment; 8) practical considerations that would make the trial easy, expeditious, or inexpensive; 9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets; 10) the public policies of the fora; 11) the familiarity of the judge with applicable state law; and 12) the local interest in deciding local controversies at home.

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

### 1. Plaintiff's choice of forum

Harko argues that the plaintiff's choice of forum should not receive any substantial preference because Delaware has no relation to the operative facts in this case. That is not relevant to the first factor, however, and courts generally defer to a plaintiff's forum selection as long as it is legally proper. In re Hechinger Inv. Co. of Delaware, Inc., 288 B.R. 392, 326 (Bankr. D. Del. 2003). Because the Court has already determined

that venue is proper in Delaware, the first factor weighs in favor of maintaining the action in this forum.

### 2. Defendant's choice of forum

Harko argues that its preferred forum should receive equal weight since the operative facts of this adversary proceeding arose in the Eastern District of New York. This is not relevant to this factor; where the claim arose is taken into consideration in the following factor. In addition, the defendant's choice of forum is generally given less weight. Hechinger, 296 B.R. at 326.

### 3. Location where the claim arose

Harko argues that the claim arose in the Eastern District of New York because that is where Harko formed its relationship with the Debtors. The Trustee argues that the dispute is centered upon the payments received by Harko within ninety days prior to the Petition Date, not the relationship that existed prior to filing.

The Court agrees with Harko. Because the three checks serving as the basis for this proceeding were received by Harko in New York, the third factor weighs in favor of transferring this action to the Eastern District of New York. But see Hechinger, 296 B.R. at 326 (finding that despite a defendant being invoiced in Houston, this was not enough, by itself, to warrant transferring venue).

### 4. Location of books and records

Harko argues that this factor favors transfer of venue because its records are located in New York and the Trustee's records are located in either New York or New Jersey. In this case the location of books and records is not a significant factor due to the ease of transporting documents. HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemmerz Int'l. Inc.), 312 B.R. 44, 47 (Bankr. D. Del. 2004) ("[S]ince discovery is largely limited to 'paper exchanges,' the physical location of books and records is of less concern."). Thus, the Court finds that this factor does not weigh in favor of either forum.

### 5. Convenience of the parties

The Trustee argues that it would be more convenient for it to litigate in Delaware. Transferring the dispute to another forum would increase the administrative expenses of the estate and lower the amounts available for distribution. Oglebay Norton Co. v. Port (In re Onco Inv. Co.), 320 B.R. 577 (Bankr. D. Del. 2005).

Though the Court recognizes it would be more convenient for Harko to litigate this matter in the Eastern District of New York, the Court does not believe Harko would be put at a significant financial disadvantage by being required to litigate the matter in Delaware. For these reasons the Court finds the fifth factor weighs in favor of maintaining this action in Delaware.

6.  Convenience of the witnesses

Harko asserts that because the Trustee may not have control over the Debtors' witnesses, they will either be unavailable or have to travel to Delaware, resulting in unnecessary expense. This factor, however, is limited to a showing that the witnesses are actually unavailable for trial in Delaware. Jumara, 55 F.3d at 879. Neither party has demonstrated that there are potential witnesses that will be unavailable for trial either in New York or Delaware. Thus, the Court finds this factor to be neutral.

7.  Enforceability of judgment

Harko argues that because this Court does not have personal jurisdiction, any judgment rendered by the Court with respect to Harko could not be enforced. The Court has already determined it has personal jurisdiction over Harko. There is no reason to believe that a judgment in either jurisdiction would not be given full faith and credit. See, e.g., OCB Rest. Co. v. Vlahakis (In re Buffets Holdings, Inc.), 397 B.R. 725, 729 (Bankr. D. Del. 2008). Therefore, the Court finds that this factor does not weigh in favor of either party.

8.  Practical considerations

Harko asserts that trial would be easier, less expensive, and more expeditious if it were to take place in the location where discovery of third party witnesses and documents will take place. However, Harko has not identified any third party witnesses or documents that would be necessary for this

proceeding.  In addition, Harko has not offered proof that the discovery process would be a significant burden if it were to take place in Delaware instead of New York.

Maintaining this adversary proceeding in the same venue as the bankruptcy case would provide a more economical use of judicial resources than transferring this adversary proceeding to New York, because the Court is already familiar with the facts underlying the bankruptcy case.  Further, the Trustee is involved in multiple other preference actions pending in Delaware, thereby minimizing the cost of litigation.  Hechinger, 296 B.R. at 326-27.  For these reasons the Court finds the eighth factor weighs in favor of maintaining this action in Delaware.

        9.     Relative administrative difficulty

Harko concedes that there would be no administrative benefit from a transfer to New York.  Thus, the Court finds the ninth factor weighs in favor of maintaining this action here.

        10.    Public policies of the fora

The policy of this forum favors centralization of bankruptcy matters, and "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." Manville, 896 F.2d at 1391.  The Court agrees with the Trustee that if venue is transferred it would result in similar requests in multiple other preference and avoidance actions, causing significant expense to the estate.  See, e.g., Hechinger, 296

B.R. at 327 (finding that transfer of an adversary would "establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions, undermining the intended effect of 11 U.S.C. § 547 of equalizing distribution to creditors."). Thus, the Court finds the tenth factor weighs in favor of maintaining this action in Delaware.

          11.   <u>Familiarity with applicable state law</u>

Harko argues that because this Court focuses on the laws of Delaware and the United States Bankruptcy Code and not the laws of New York, this Court would have to dedicate resources to obtaining an understanding of New York fraud and equitable recoupment law. The Court disagrees. This action is a preference action arising under the Bankruptcy Code, which is the same in both Delaware and New York. Thus, the Court finds the eleventh factor weighs in favor of maintaining this action in Delaware.

      12.   <u>Local interest</u>

Harko argues that the state of New York has an interest in the resolution and outcome of this action because the adversary proceeding is between two New York domiciliaries and involves affirmative defenses based on New York law. The Court disagrees. There are no state law issues which would reccomend a New York

forum over a Delaware forum. The only issues in this action, including any affirmative defenses, arise under federal bankruptcy law. Therefore, the Court finds that the twelfth factor weighs in favor of maintaining this action in Delaware.

After weighing the above factors, the Court finds that most of the factors favor venue remaining in Delaware or are neutral. Upon consideration of the parties' venue preferences, the policy of this forum, and the facts particular to this adversary, the Court finds that transfer of venue is unwarranted. Therefore, the Court will deny Harko's motion to transfer venue.

IV. CONCLUSION

For the reasons set forth above, the Court will deny Harko's Motion to dismiss or transfer venue. An appropriate Order is attached.

Dated: February 24, 2011                BY THE COURT:

                                        Mary F. Walrath
                                        United States Bankruptcy Judge